## COBB *versus* WOOD.

An award of referees upon a parole submission is of no binding effect *against* a party, if he had no notice of the time or place of their meeting or of the decision which they made.

Even *that* party, when sued for the cause of action which had been so submitted to such referees, cannot avail himself of such an award, as to the amount of damages.

ASSUMPSIT, for the use of the plaintiff's land, by carting and cutting rocks upon it.

The defendant had occupied the plaintiff's land for said purposes.

The plaintiff demanded compensation, and there was evidence tending to show, *that* the defendant authorized him to refer the amount to three of the plaintiff's neighbors, of the plaintiff's own selection; and *that* the plaintiff accordingly selected three of the neighbors, who met and examined the land and agreed in estimating the damage at $15, but made no written award. The defendant was not present at their meeting, nor did it appear, that he was notified of the time or place of holding it, or of the amount at which they estimated the damage.

The defendant requested the Judge to instruct the jury, that, if the defendant offered to refer the amount of damage to three of the plaintiff's neighbors, and if the plaintiff accepted the offer and accordingly procured three of his neighbors to examine the premises and appraise the damage, and they thereupon made their award in good faith, this would constitute such a reference as would be binding on the parties, and they should return a verdict only for the amount of such award.

The Judge refused to comply with this request, and instructed the jury that there was no evidence of such a reference of the matter in dispute as would bind the parties, and that they must assess the damage, as if no reference had been made. The verdict was for the plaintiff for $25,00. The defendant excepted.

*Adams*, for the defendant.

1. This is a submission and award at common law. Courts will go far to give effect to such arrangements. *Brady* v. *Mayor,* 1 Barb. 584. It was binding upon the plaintiff. 8 Mass. 398; 6 Mass. 49; 17 Maine, 54; 12 Mass. 134; 18 Maine, 255.

2. If the Judge was not satisfied that the facts proved a binding award, it was his duty to submit them to the jury, with appropriate instructions. *Hill* v. *Hobart,* 16 Maine, 164; *Homans* v. *Lambard,* 21 Maine, 308; *Greene* v. *Dingley,* 24 Maine, 131.

*Deblois,* for the plaintiff.

HOWARD, J., orally.—The supposed award was of no binding effect. It does not appear that the defendant had any knowledge that the matter was ever submitted, nor who were the referees, nor was he notified of the time or place of their meeting, that he might appear and protect his right; nor of the conclusion at which the referees arrived. On that award the plaintiff could have maintained no action against the defendant. Indeed there was no completed award.

*Exceptions overruled.*